UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**LUIS A. HERRERA**

          Plaintiff,

          Against

**CITY OF NEW YORK**
**JAMES P. O'NEILL, COMMISSIONER, POLICE DEPARTMENT**
**CITY OF NEW YORK, MANHATTAN SOUTH NARCOTICS,**
**NEW YORK CITY POLICE DEPARTMENT;**
**DETECTIVE SEAN HAGGERTY SHIELD 4923;**
**DETECTIVE RICARDO MANTILLA SHIELD 523**
**UNDERCOVER POLICE OFFICER UC 00084,**
**SERGEANT JASON STOCKER SHIELD 01012**
**LIEUTENANT WASHINGTON ZURITA SHIELD 03381,**
**POLICE OFFICER ANTHONY ASSENT SHIELD 00306**
**POLICE OFFICER LOGAN PAYANO SHIELD 00816**
**POLICE OFFICER CRYSTAL ROMERO SHIELD 31314**
**POLICE OFFICER KYLE CREVATAS SHIELD 24662**
**POLICE OFFICER EVANS BELLAVOIX SHIELD 7408**
**POLICE OFFICER JAWUAN HUBBARD SHIELD 08746**
**POLICE OFFICER SEAN BROWN SHIELD 24894**
**STEVEN BANKS, COMMISSIONER, CITY OF NEW YORK**
**HUMAN RESOURCE ADMINISTRATION,**

          Defendant(s)

**19 CV 3216(AT)(SDA)**

**AMENDED CIVIL ACTION**
**VERIFIED COMPLAINT**
**JURY TRIAL AS TO ALL CLAIMS**



USDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11-22-79

## INTRODUCTION

      **LUIS A. HERRERA** resident and citizen of the United States and the State of New York hereby asserts the following claims against the defendant(s) in the above-entitled action:

1. Violation of 42 USC §1983 FALSE ARREST
2. Violation of 42 USC §1983 UNLAWFUL DETENTION AND CONFINEMENT
3. Violation of 42 USC §1983 RETALIATION AND CONSPIRACY
4. Violation of 42 USC §1983 DELIBERATE INDIFFERENCE
5. Violation of 42 USC §1983 CRUEL AND UNUSUAL PUNISHMENT
6. Violation of 42 USC §1983 MALICIOUS ABUSE OF PROCESS
7. MALICIOUS PROSECUTION
8. DISCRIMINATION AND DENIAL OF EQUAL PROTECTION
9. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
10. UNREASONABLE SEARCH AND SEIZURE
11. RESERVED FOR NEGLIGENCE (UNTIL 6 MONTHS AFTER PRESENTMENT), and

1 |

12. RESERVED FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (UNTIL 6 MONTHS AFTER PRESENTMENT

## JURISDICTION

1. Jurisdiction of this Court arises under 28 USC §§1331, 1337, 1343(a), and 1367(a); 42 USC §1983, 1985 and 1988; and USC §1961-1968.

2. Jurisdiction of this Court for the pendent claims is authorized by Fed.R.Civ.Proc. §18(a), and arises under the doctrine of pendent jurisdiction as set forth in **United Mine Workers v. Gibbs,** 383 US 715 (1966)

## PARTIES

3. Plaintiff **Luis A. Herrera** is a natural person with a mailing address of 794 Snediker Ave, Apt 2F, Brooklyn, New York 11207, county of Kings, State of New York, United States of America, and is a resident of the State of New York during all relative times of this action.

4. Defendant **James P. O'Neill** is the Commissioner of the **New York City Police Department** located at One Police Plaza, New York, New York 10038, appointed by the Mayor of the **City of New York for the Defendant City of New York** at all times material to the complaint, and was acting in his official capacity at all times relevant to this complaint.

5. Defendant **Sean Haggerty Shield No. 4923** is a Detective for the **City of New York Police Department, Narcotics Manhattan South** One Police Plaza, New York, New York 10038 for the defendant **City of New York** at all times material to the complaint and was acting in his official capacity at all times relevant to this complaint.

6. Defendant **Ricardo Mantilla Shield No. 523** is a Detective for the **City of New York Police Department, Narcotics Manhattan South** One Police Plaza, New York, New York 10038 for the defendant **City of New York** at all times material to the complaint and was acting in his official capacity at all time relevant to this complaint.

7. Defendant **Undercover UC 00084** is an Undercover Police Officer for the **City of New York Police Department, Narcotics Manhattan South** One Police Plaza, New York, New York 10038 for the defendant **City of New York** at all times material to the complaint and was acting in his official capacity at all times relevant to this complaint.

8. Defendant **JASON STOCKER SHIELD 01012** is a Sergeant for the **City of New York Police Department, Narcotics Manhattan South** One Police Plaza, New York, New York 10038 for the defendant **City of New York** at all times material to the complaint and was acting in his official capacity at all time relevant to this complaint.

9. Defendant **WASHINGTON ZURITA SHIELD 03381,** is a LIEUTENANT for the **City of New York Police Department, Narcotics Manhattan South** One Police Plaza, New York, New York 10038 for the defendant **City of New York** at all times material to the complaint and was acting in his official capacity at all time relevant to this complaint.

10. **POLICE OFFICER ANTHONY ASSENT SHIELD 00306** for the **City of New York Police Department, Narcotics Manhattan South** One Police Plaza, New York, New York 10038 for the defendant **City of New York** at all times material to the complaint and was acting in his official capacity at all time relevant to this complaint.

11. **POLICE OFFICER LOGAN PAYANO SHIELD 00816** for the **City of New York Police Department, Narcotics Manhattan South** One Police Plaza, New York, New York 10038 for the defendant **City of New York** at all times material to the complaint and was acting in his official capacity at all time relevant to this complaint.

12. **POLICE OFFICER CRYSTAL ROMERO SHIELD 31314** for the **City of New York Police Department, Narcotics Manhattan South** One Police Plaza, New York, New York 10038 for the defendant **City of New York** at all times material to the complaint and was acting in his official capacity at all time relevant to this complaint.

13. **POLICE OFFICER KYLE CREVATAS SHIELD 24662** for the **City of New York Police Department, Narcotics Manhattan South** One Police Plaza, New York, New York 10038 for the defendant **City of New York** at all times material to the complaint and was acting in his official capacity at all time relevant to this complaint.

14. **POLICE OFFICER EVANS BELLAVOIX SHIELD 7408** for the **City of New York Police Department, Narcotics Manhattan South** One Police Plaza, New York, New York 10038 for the defendant **City of New York** at all times material to the complaint and was acting in his official capacity at all time relevant to this complaint.

15. **POLICE OFFICER JAWUAN HUBBARD SHIELD 08746** for the **City of New York Police Department, Narcotics Manhattan South** One Police Plaza, New York, New York 10038 for the defendant **City of New York** at all times material to the complaint and was acting in his official capacity at all time relevant to this complaint.

16. **POLICE OFFICER SEAN BROWN SHIELD 24894** for the **City of New York Police Department, Narcotics Manhattan South** One Police Plaza, New York, New York 10038 for the defendant **City of New York** at all times material to the complaint and was acting in his official capacity at all time relevant to this complaint.

17. Defendant **Steven Banks** is the Commissioner of the **Department of Homeless Services and Human Resource Administration** located at 33 Beaver Street, New York, NY 10004, **City of New York** appointed by the Defendant **City of New York** at all times material to the complaint and was acting in his official capacity at all times relevant to this complaint.

18. At all times material to this complaint, defendants are and were herein duly appointed and acting officers, servants, employees and agents of the **City of New York**, a municipal agency of defendant **City of New York,** at all times relevant herein, the individual defendants were acting under the **color of the laws, statutes, ordinances, regulations, policies, customs and/or usages** of the State of New York and City of New York, in the course and scope of their duties and functions as officers, agents, servants and employees of Defendant **City of New York**, were acting for, and on behalf of, and with power and authority vested in them by the **City of New York,** New York City Police

Department, **James P. O'Neill**, commissioner, **Detective Sean Haggerty, Detective Ricardo Mantilla, Police Officer UC 00084, Sergeant Jason Stocker, Lieutenant Washington Zurita, Police Officers Anthony Assent, Logan Payano, Crystal Romero, Kyle Crevatas, Evans Bellavoix, Jawuan Hubbard, and Sean Brown Manhattan South Narcotics,** were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. They are sued individually and in their official capacity.

19. At all times material to this complaint, defendant(s) **the City of New York** were engaged in a common purpose and were acting in concert, as an agent of the City of New York and all times relevant herein, non-profit agency were acting under the **color of the laws, statutes, ordinances, regulations, policies, customs and/or usage** of the State of New York and City of New York, in the course and scope of their duties and functions as officers, agents, servants and employees of Defendant **City of New York**, were acting for, and on behalf of, and with power and authority vested in them by the City of New York, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions as a non-profit in the course of their duties for the defendant **City of New York**. They are sued individually and in their official capacity.

## NOTICE OF CLAIM

20. Plaintiff filed a Notice of Intention to file with the office of the City Comptroller and Corporation Counsel of the City of New York, setting forth the facts underlying plaintiff's claims against the defendant and City of New York.

21. The City of New York Comptroller's Office assigned claim number 2018PI019665, and was subsequently informed claim disallowed as it not filed within 90 days of the day of occurrence, however, plaintiff was tried and acquitted of the underlying criminal action which serves the basis of his claims, on **March 29, 2018**, not more than 90 day have elapsed.

22. To date, plaintiff has received no answer and no compensation has been offered by defendant City of New York in response to this claim.

23. This action has commenced within one year of the date of occurrence of the events giving rise to this complaint.

## FACTS

24. On or about **August 17, 2017**, the plaintiff, a Homeless citizen residing at all times relevant to this complaint at 333 Bowery Street, in the City of New York, a Homeless Shelter known as the **Bowery Men's Shelter Kenton Hall** was at the Facility entertaining no ill will nor criminality, was approached by Defendant **UC 00084** at the front of 333 Bowery Street and defendant **UC 00084** engaged plaintiff in a conversation related to the purchase of illicit illegal substances for which plaintiff **Luis A Herrera** responded to the negative and knowing the defendant **UC 00084** to be a possible undercover police officer seeking to entrap innocent individuals, demanded to be left alone and get away from him.

25. Plaintiff **Luis A. Herrera** immediately distanced himself and proceeded to enter the facility as it was then serving scheduled Lunch as the Defendant **UC 00084** sought others. On or about **August 17, 2017**, the plaintiff exited the **Bowery Men's Shelter Kenton Hall** and was accosted by Unknown Police Officers and wrongfully arrested. The plaintiff was subsequently charged and indicted by a New York County Grand Jury as having participated in the sale of a controlled substance to **UC 00084** under the theory of acting in concert, a known practice of the NYPD to deprive citizens of their liberty and deliberately entrap poor vulnerable citizens into criminality.

26. On or about **August 18, 2017,** plaintiff was interviewed by the **Criminal Justice Agency** exclusively under the authority of the **City of New York** designated **Director Aubrey Fox** representative as a practice to determine release eligibility under standards to ascertain whether the plaintiff is a risk of flight. On or about **August 18, 2017**, the plaintiff was arraigned before the Criminal Court of the City of New York for Criminal Sale of a Controlled Substance in the Third Degree and Criminal Possession of a Controlled Substance in the Third Degree under the theory of Acting in Concert, and bail imposed in the amount of **$10,000.00**. The plaintiff was subsequently Indicted for the underlying allegations by a Grand Jury panel for the County of New York for having engaged or otherwise acted in concert with the Sale and Possession of a Controlled Substance in the Third Degree.

27. On or about **March 29, 2018**, the plaintiff was acquitted by a Jury of New York County of the District Attorney of New York County allegations of acting in concert on the basis of false testimony known and suborned by the County of New York District Attorney's Office who permit the discriminatory practice of such **Buy and Bust Operations** to operate and focus on vulnerable poor minority communities and homeless shelters that creates a significant intent of the **City of New York** Defendants to be deliberate indifferent to the rights, privileges and immunities of the citizens of the United States by proffering deliberate schemes of discrimination intended to infect the process of judicial fairness in violation of the Due Process and Equal Protection clause of the United States Constitution and New York State Constitution.

28. On or about **August 17, 2017**, the defendant(s), **Detective Sean Haggerty, Detective Ricardo Mantilla, UC 00084, Sergeant Jason Stocker, Lieutenant Washington Zurita, Police Officers Anthony Assent, Logan Payano, Crystal Romero, Kyle Crevatas, Evans Bellavoix, Jawuan Hubbard, and Sean Brown** knew or should have known of the discriminatory practice of targeting poor minority communities, namely those in Homeless Shelters, and knew or should have known the susceptibility of the Homeless experiencing crisis such as Homelessness, mental illness and addiction, and without regard to the status of those suffering, targeted the community with an intent to deprive plaintiff **Luis A. Herrera** of his liberty by deliberately entrapping and ensnaring him into the discriminatory practice by deception, and upon no positive account to the plaintiff willing to participate, deliberately and falsely accused plaintiff of having engaged in the sale and possession of a controlled substance in the Third Degree under an acting in concert theory along with two other possible homeless individuals, resulting in the wrongful arrest and imprisonment of plaintiff **Luis A. Herrera** for two-hundred twenty-five (225) days.

29. On or about **August 17, 2017** or thereafter, the **Manhattan South Narcotics Team,** each aiding the other, knowing that the plaintiff was not a participant to the offense, conspired to deprive the plaintiff **Luis A Herrera** of his liberty without due process in that each one of the officers involved in the **Buy & Bust Operation** infected the process with the wrongful arrest and seizure of the

plaintiff with the intention of having the plaintiff falsely prosecuted and convicted of a crime the plaintiff had no knowledge or occasion to direct, control or participate in.

30. On or about **August 17, 2017** or thereafter, the **New York County Prosecutor**, acting in his administrative role as District Attorney of Queens County failed to protect the rights of the plaintiff by deliberately permitting the introduction of false testimony into the judicial process with an intent to deprive plaintiff of his rights, privileges and immunities, and denied plaintiff **Luis A. Herrera** of due process and Equal Protection of the law in that the practice was a well-known and deliberate **NYPD** indifference to the rights, privileges and immunities of the Homeless, especially plaintiff **Luis A. Herrera** and the **New York County District Attorney** knew or should have known that it was engaged in the practice of overcharging defendants in criminal cases with the introduction of such testimony known to be false, allowed the defendant(s) **Detective Haggerty** and **UC 00084** to falsely testify to a **New York County Grand Jury and Jury trial** that plaintiff engaged in and participated in the sale and possession of a controlled substance in third Degree.

31. On or about **March 29, 2018**, a New York County Jury found plaintiff innocent of having participated in the sale and possession of a controlled substance in the third degree, acquitted the plaintiff, exonerating **Luis A. Herrera** of any criminal liability on account of the evidence presented.

32. On or about **August 17, 2017**, the Defendant **Steven Banks**, knew or should have known that such a practice of the **NYPD** targeting homeless shelters and engaging in discriminatory enforcement of such policies of **Buy and Bust operations** in close proximity to such Homeless Shelters was actively condoned and suborned by the **City of New York Department of Homeless Services** in that it targeted the Homeless vulnerable community with an intent to engage in wrongful arrest and imprisonment of innocent citizens on account of their status and that the defendant(s) **City of New York** targeted vulnerable citizens such as the Homeless and mentally ill, as part of quota measure to justify unlawful arrest and imprisonments, especially homeless vulnerable citizens such as the plaintiff **Luis A. Herrera**, and that **Steven Banks** failed to protect **Luis A. Herrera** from the unlawful discriminatory practice by deliberately suborning the practice to target poor vulnerable communities as those found in the City's Shelter system.

33. On or about **March 20, 2018**, plaintiff brother, **Victor M Herrera**, filed a **Writ of Mandamus** seeking to compel the **District Attorney** and the **Supreme Court** to provide and extend the Equal Protection Clause of the Fourteenth Amendment in that the defendant(s) collectively were deliberately engaged in conspiring to falsely prosecute and convict plaintiff **Luis A. Herrera** for a crime plaintiff did not commit and was solely targeted on account of his status of vulnerability and homelessness. Plaintiff was in a shelter and a good candidate for diversion into treatment. Plaintiff subsequently agreed to withdraw the **Writ of Mandamus** following plaintiff **Luis A. Herrera** acquittal.

34. At all times material to this complaint, defendant(s) **Commissioner James P. O'Neill, Commissioner Steven Banks, Detective Sean Haggerty, Detective Ricardo Mantilla, UC 00084, Sergeant Jason Stocker, Lieutenant Washington Zurita, Police Officers Anthony Assent, Logan Payano, Crystal Romero, Kyle Crevatas, Evans Bellavoix, Jawuan Hubbard, Sean Brown, Police Officers and the City of New York** were collectively engaged in the discriminatory targeting of the poor vulnerable community with an intent to deprive plaintiff **Luis A. Herrera** and numerous other

unidentified citizens at City run Shelter or those contracted by private non-profit corporations, and the policies, rules and regulations of the **Defendant(s)** collectively permitted the practice by deliberately enforcing such policies against the poor vulnerable community in a discriminatory intent to deprive vulnerable citizens in Homeless Shelters and in crisis of **Due Process and Equal Protection of the Law** and that such policies and procedures were enforced in the scope of their lawful functions in the course of their duties when they deliberately and maliciously targeted communities of Latino and Blacks with an intent to deprive plaintiff, a citizen, of his constitutional rights, privileges and immunities and deliberately conspired and acquiesced, agreed, and provide support to the enforcement of such discriminatory policies and procedures intended to deprive another of Equal Protection of the laws. They are sued individually and as active participants (Acting in Concert) with the City of New York and defendant **Steven Banks** to deprive plaintiff of his civil liberties.

35. At all times material to this complaint, defendant **Detective Sean Haggerty, Detective Ricardo Mantilla, UC 00084, Sergeant Jason Stocker, Lieutenant Washington Zurita, Police Officers Anthony Assent, Logan Payano, Crystal Romero, Kyle Crevatas, Evans Bellavoix, Jawuan Hubbard, and Sean Brown** deliberately conspired to deprive the plaintiff of his civil liberties, intentionally concocting implicating testimony to wrongfully arrest and prosecute **Luis A. Herrera** under a discriminatory practice that target's unsuspecting Homeless citizens by utilizing a practice known as criminal facilitation, such practice deliberately targets poor vulnerable mentally ill and chemically addicted persons with the intent to deprive the plaintiff **Luis A Herrera** of his civil liberties, the defendants, each aiding the other with the intent to wrongfully arrest and accuse the plaintiff of engaging in a criminal act in violation of the Penal Provisions of 220.39 and the Public Health Law, did falsely accuse the plaintiff of having committed a crime by utilizing a practice suborned by the defendant **City of New York and Cyrus Vance**, similarly targeting plaintiff under a discriminatory practice of community policing with an intent to deprive plaintiff of his rights, privileges and immunities protected under the Constitution of the United States and New York State Constitution.

36. At all times material to this complaint, the defendant(s) **City of New York, Steven Banks, James P. O'Niell,** did engage in the discriminatory practice of targeting the poor vulnerable community with policies that tended to apply risk assessment based on protected status that deprived plaintiff of Due Process and Equal Protection of the Law, was done intentionally, maliciously, and with a deliberate indifference and/or reckless disregard for the natural and probable consequence of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious pain and suffering in violation of plaintiff's constitutional rights as guaranteed under 42 USC §1983, the Fifth, sixth and fourteenth Amendment to the United States Constitution and New York State Constitution.

7 |

**CAUSES OF ACTION**

**FIRST CLAIM:**

**FALSE ARREST AND WRONGFUL IMPRISONMENT UNDER**
**THE FOURTH, FIFTH, NINTH AND FOURTEENTH AMENDMENT(S) AND 42 USC§ 1983**

37. Plaintiff re-alleges and incorporates by reference the allegations as set forth in each preceding paragraph 1 through 36 as if fully set forth herein.

38. The conduct and actions of defendant(s) **City of New York, Commissioner O'Neill, Commissioner Banks, Detective Sean Haggerty, Detective Ricardo Mantilla, UC 00084, Sergeant Jason Stocker, Lieutenant Washington Zurita, Police Officers Anthony Assent, Logan Payano, Crystal Romero, Kyle Crevatas, Evans Bellavoix, Jawuan Hubbard, and Sean Brown** acting under the exclusive authority of the **City of New York,** acting under the color of law authorizing, directing and/or causing plaintiff to be targeted and deliberately ensnared into a criminal act under a conspired theory by defendant(s) collectively, was the very nature of the discriminatory policy permitting the City of New York Police Department to target specified communities of color, and those of poor minority communities was designed to deprive plaintiff of rights, privileges and immunities, was done with the intent to subject the plaintiff **Luis A. Herrera** to an unlawful and unwarranted arrest, was done intentionally, willfully, maliciously, and with a deliberate indifference and/or reckless disregard for the natural and probable consequence of their acts, was done without lawful justification and reason, and was designed to and did cause specific physical and emotional pain and suffering in violation of plaintiff's rights as guaranteed under 42 USC §§1983, 1985 and the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from the use of unreasonable and unjustified force to initiate an unnecessary and unwarranted arrest.

39. As a direct and proximate result of the foregoing, plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of his liberty and was otherwise damaged and injured.

**SECOND CLAIM:**

**MONELL CLAIM IN DELIBERATE INDIFFERENCE OF**
**WIDESPREAD PRACTICE AND PATTERN OF IMPERMISSIBLE**
**DISCRIMINATORY ENFORCEMENT OF POLICY THAT RESULTED IN**
**WRONGFUL ARREST AND IMPRISONMENT BY CITY DEFENDANTS**
**42 USC §1983**

40. The plaintiff re-alleges and incorporates by reference the allegations as set forth in each preceding paragraph 1 through 39 as if fully set forth herein.

41. The City of New York directly caused the constitutional violations suffered by plaintiffs and is liable for the damages suffered by plaintiff **Luis Herrera** as a result of the conduct of the defendant employees, agents, officers and servants of the **City of New York.** The conduct of the defendant officers was a direct consequence of policies and practices of the **Defendant City of New York** that deliberately permitted the enforcement of the **buy and bust operations** intended to target

minority Hispanic and Blacks, especially those experiencing financial crisis, mental illness and chemical dependence and Homeless.

42. At all times relevant to this complaint, **Defendant City of New York**, acting through **Defendant(s) Steven Banks, James O'Niell, Detective Haggerty, UC 00084, , Sergeant Jason Stocker, Lieutenant Washington Zurita, Police Officers Anthony Assent, Logan Payano, Crystal Romero, Kyle Crevatas, Evans Bellavoix, Jawuan Hubbard, and Sean Brown, Police Officers** had in effect policies, practices, and customs that condoned and fosters the unconstitutional conduct of the individual **Defendant(s)**, and were a direct and proximate cause of the damages and injuries complained of herein.

43. The **August 17, 2017** arrest of plaintiff **Luis A. Herrera** during the enforcement of a practice by the defendant(s) **NYPD** known to be unconstitutionally targeting the poor minority community, namely the Homeless vulnerable community, including the practice that permitted the **NYPD and DHS** enforced discriminatory policies and practices that targeted specific communities by status, namely on account of being Homeless and in Shelter, the targeted community faced the wrongful discriminatory practice that included interruption of Social Services and Housing benefits that were part of their status and protective class, and that the Defendant **City of New York** deliberately permitted the contracted non-profits to condone and ratify the practice by such policies exclusively the prerogative of the **City of New York Police Department,** their agents, servants and employees.

44. At all times relevant to this complaint, **Defendant City of New York**, acting through **Defendant(s) Steven Banks, James O'Niell, Detective Haggerty, UC 00084 , Sergeant Jason Stocker, Lieutenant Washington Zurita, Police Officers Anthony Assent, Logan Payano, Crystal Romero, Kyle Crevatas, Evans Bellavoix, Jawuan Hubbard, and Sean Brown, Police Officers** had in effect policies, practices and customs that condoned and fostered the unconstitutional conduct of the individual defendant(s), and were a direct and proximate cause of the damages and injuries complained of herein.

45. At all times relevant to this complaint, **Defendant City of New York,** acting through its employee, **James O'Niell and Steven Banks,** had policies, practices, customs and usages of encouraging and/or tacitly sanctioning the violation of plaintiff's constitutional rights by directly targeting a known protected class of citizens, namely the poor minority community faced with addiction, homelessness and mental illness by criminalizing the status of the poor through such policies that intentionally and wrongfully targeted the poor minority community, namely the homeless, addicted and mentally ill with wrongful arrest and imprisonment, and by using such methods, the **Defendant City of New York** were permitting the behavior to go unchecked.

46. In connection with the plaintiffs protected rights and immunities, the **City of New York** consciously disregarded the illegality and unconstitutionality of said arrest, imprisonments, use of force and prosecutions. These policies, practices, customs, and usages that permitted the **New York City Police Department** to engage in the sort of direct interference with clients' application process by colluding with employees of the **City of New York Department of Homeless Services and Human Resource Administration** were a direct and proximate cause of the unconstitutional conduct alleged herein.

47. The existence these unconstitutional policies, practices, customs and usages, specifically as it relates to clients seeking shelter and social services, is evidenced by the countless repeated occurrences of similar wrongful conduct targeting the poor vulnerable communities, namely the Homeless, mentally ill and chemically addicted.

48. **The City of New York** knew or should have known of the defendant(s) officer(s) propensity to engage in misconduct against those at-risk communities. Upon information and belief, prior to **August 17, 2017,** and thereafter, the **City of New York** was aware of numerous complaints of Police Misconduct involving the use of such practice, targeting minority communities with so-called **Buy & Bust** operations that has been targeting the communities of color with a deliberate ruse of legitimacy, deliberately abusing the process by wrongfully arresting and charging individuals above and beyond any legitimate criminality, and so doing permitting the introduction and the suborning of perjured or tailored testimony to cover the widespread illegal and unconstitutional practice. Upon information and belief, prior to **August 17, 2017,** the **City of New York** was aware of numerous complaints related to the conduct of perjured and tailored testimony in police-initiated criminality, despite its knowledge of such incidents of misconduct, the **City of New York** failed to take remedial action.

49. It was the policy and/or custom of the **City of New York** to inadequately and improperly investigate citizen complaints of Police Misconduct, and acts of misconduct of the sort enforced in **Buy & Bust** initiatives were instead tolerated by the **City of New York, including but not limited to incidents listed above.**

**THIRD CLAIM**

**ARTICLE I, §12 OF THE NEW YORK STATE CONSTITUTION**

50. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 49 as if fully set forth herein.

51. The acts of defendants, acting under **color of law** by their employment as agents, servants and employees of the **City of New York** enforced **City Policies, rules, regulations, customs and usage** in subjecting plaintiff **Luis A. Herrera** to discriminatory profiling and unlawful search and seizures, false arrest, wrongful imprisonment and excessive force while enforcing the discriminatory policy **NYPD Buy & Bust** that deliberately targeted the poor vulnerable community, namely the Homeless, Mentally ill and chemically addicted and were done without reasonable suspicion or probable cause and were designed to and intended to discriminate unlawfully against a protected class of citizens, and did cause specific and serious deprivation of liberty, bodily harm, pain and suffering to the plaintiff's in violation of plaintiff Constitutional Rights as guaranteed by **Article I, Section 12** of the Constitution of the State of New York.

52. The foregoing acts and conduct of defendant(s) **Detective Sean Haggerty, Detective Ricardo Mantilla, UC 00084, Sergeant Jason Stocker, Lieutenant Washington Zurita, Police Officers Anthony Assent, Logan Payano, Crystal Romero, Kyle Crevatas, Evans Bellavoix, Jawuan Hubbard, and Sean Brown, Police Officer's,** acting in concert with **Police Officers** each aiding the

other were a direct and proximate cause of injury and damage to plaintiff **Luis A. Herrera** and violated their rights as guaranteed by the Constitution of the State of New York.

**FOURTH CLAIM:**

**STATE COMMON LAW MALICIOUS ABUSE OF
PROCESS AND MALICIOUS PROSECUTION**

53. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46 as if fully set forth herein.

54. By their conduct in engaging in discriminatory targeting of the poor vulnerable community, namely the Homeless, Mentally Ill and chemically dependent, the defendant(s) collectively and acting in concert with the **County District Attorney** are liable to the plaintiff's for having committed malicious prosecution and abuse of process under the laws of the State of New York.

55. Defendant(s) **James O'Niell, Detective Sean Haggerty, Detective Ricardo Mantilla, UC 00084, Sergeant Jason Stocker, Lieutenant Washington Zurita, Police Officers Anthony Assent, Logan Payano, Crystal Romero, Kyle Crevatas, Evans Bellavoix, Jawuan Hubbard,  and Sean Brown Police Officers** maliciously commenced proceedings against the plaintiff **Luis A. Herrera** having engaged in the discriminatory enforcement of **Buy & Bust operations** by falsehood of reporting plaintiff having engaged in the illicit sale and possession of a controlled substance to cover up their own conduct that namely targeted and discriminated against the poor Homeless community, mentally ill and chemically dependent, plaintiff was falsely and without probable cause charged with violations of the State of New York Penal Law.

56. The commencement and continuation of the criminal prosecution against plaintiff **Luis A. Herrera** was malicious and without probable cause and intended to gain an impermissible advantage over the plaintiff in covering up the discriminatory prosecution of unsuspecting citizens with their unwavering policy of criminalizing the Homeless community, and in doing so enforced policies that served to discriminate against the poor vulnerable community

57. All proceedings were terminated in plaintiff's favor as the defendants' could not establish plaintiff in any way participated nor engaged in the illicit sale or possession of a controlled substance nor could the defendant's establish a nexus to any intent to commit a criminal offense under the theory of having acted in concert sufficient to establish the necessary standard of determination or was otherwise below the standard necessary to establish probable cause, and such actions were part of an overall scheme to criminalize the plaintiff, a poor minority Homeless Mentally ill citizen of the United States.

58. Defendants **City of New York, James O'Niell, Steven Banks, Detective Sean Haggerty, Detective Ricardo Mantilla, UC 00084, Sergeant Jason Stocker, Lieutenant Washington Zurita, Police Officers Anthony Assent, Logan Payano, Crystal Romero, Kyle Crevatas, Evans Bellavoix, Jawuan Hubbard,  and Sean Brown** their officers, agents, servants and employees were responsible for the malicious prosecution and abuse of process of plaintiff as it related to the discriminatory targeting of the Homeless, mentally ill and chemically addicted citizens. The **City of New York**, as a direct proximate relationship with the above-named actors to engage and carry out such conduct were the municipality behind the alleged conduct herein.

**PRAYER FOR RELIEF**

    **WHEREFORE**, Plaintiff **Luis A. Herrera** prayer for relief as follows:

1) A declaration that the defendant(s) **James O'Niell, Steven Banks, Detective Sean Haggerty, Detective Ricardo Mantilla, UC 00084 , Sergeant Jason Stocker, Lieutenant Washington Zurita, Police Officers Anthony Assent, Logan Payano, Crystal Romero, Kyle Crevatas, Evans Bellavoix, Jawuan Hubbard, and Sean Brown Police Officers**, employee, agent, servant or officer unknown to the plaintiff's during the incidents leading up to the injury, be collectively and in concert, held accountable for violating plaintiff's First, Fourth, Fifth, ninth and Fourteenth Amendment Rights to the U.S. Constitution and plaintiff's rights under the New York State Constitution and State Common law in the manners alleged herein, upon consideration of the evidence adduced at trial or otherwise;

2) A declaration that the defendant(s) **James O'Niell, Steven Banks, Detective Sean Haggerty, Detective Ricardo Mantilla, UC 00084, , Sergeant Jason Stocker, Lieutenant Washington Zurita, Police Officers Anthony Assent, Logan Payano, Crystal Romero, Kyle Crevatas, Evans Bellavoix, Jawuan Hubbard,  and Sean Brown Police Officers**, employees, agents, servants or officer unknown to the plaintiff's during the incidents leading up to the injury, be collectively and in concert, held accountable for violating plaintiff's First, Fifth, Sixth, Ninth and Fourteenth Amendment Rights to the United States Constitution and plaintiff's rights under the New York State Constitution and State Common law in the manners alleged herein, enforcing a discriminatory policy that permitted the defendant(s) to target by class demographic unsuspecting citizens of wrongfully initiated process and prosecution deliberately criminalizing the Homeless, mentally ill and chemically dependent, including the policy that deliberately allows for the practice of the **NYPD** to discriminately target the poor vulnerable community as part of a widespread pattern of behavior intended to deprive unsuspecting citizens of liberty under false pretenses that would include the mass incarceration and forced labor standards upon the basis of class, status, and/or income in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and New York State Constitution.

3) A Mandatory injunction that defendant(s) cease in the enforcement of the discriminatory practice of targeting the Homeless, Mentally Ill and chemically dependent by such methods that deliberately targets the poor vulnerable community with an intent to deprive unsuspecting citizens of liberty and Equal Protection of the Law.

4) An injunction enjoining Defendant(s) collectively from engaging in conduct to unlawfully discriminate, target or deprive plaintiffs of Equal Protection of the Law in Bail consideration and presumption of innocence and that the defendants be enjoined from utilizing the standard of community based assessment to risk factor in determining a citizens liberty based on such discriminatory practice during the arraignment process of criminal proceedings unless and until the defendants can re-examine a standard of bail consideration that excludes the community based assessment risk as a determining standard in presumptive release on bail or recognizance and that any bail or presumptive release consideration not be based on financial ability rather the presumptive of innocence be given strong consideration in determining an innocent citizens liberty under the Due Process and Equal Protection Clause of the United States Constitution.

5) Award plaintiff(s) compensatory damages in the amount of $1,000,000.00 for each of the underlying claims that arose that resulted in the **wrongful arrest, wrongful imprisonment, excessive force** and deprivation of liberty based on the discriminatory practice that targeted poor vulnerable minority communities of color (**Black & Latino**), namely those protected class of citizens suffering from **Homelessness, mental illness and chemical dependency** and the cruel and inhumane treatment plaintiff(s) were subjected to because defendants actions herein complained of as part of a widespread pattern and practice by the **City of New York Police Department** acting in concert with **non-profits** to deprive plaintiff(s) of rights, privileges and immunities, including but not limited to any emotional distress, and any other compensatory damages as permitted by law and according to trial.

6) Award Plaintiff **Luis A. Herrera punitive damages;**

7) Award cost of suit pursuant to 42 USC §1920 and 1988, and

8) Award Attorney Fees pursuant to 42 USC §1988;

9) Award such other and further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interest of Justice.

Dated: **October 10, 2019**

**Respectfully submitted,**

*Luis A Herrera*

**Luis A. Herrera**

**Plaintiff Pro Se**

13

## V E R I F I C A T I O N

I, Luis A. Herrera declare under the penalty of perjury that:

I am the plaintiff/claimant in the above entitled action and Verified Complaint, appearing Pro se. That I have read the contents thereof and know the contents therein; That the same is true to my own knowledge and belief, except as to matters stated to be alleged upon information and belief, and that as to those matters, I believe them to be true.

*Luis A Herrera*

Luis A. Herrera

Plaintiff Pro se

794 Snediker Ave, Apt 2F

Brooklyn, New York 11207

E. 671luisherrera67@gmail.com

T. 347-942-2226

14