

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**STEPHANIE DE ANGELIS**
*Assistant Corporation Counsel*
Phone: (212) 356-3513
Fax: (212) 356-3559
Email: sdeangel@law.nyc.gov

April 14, 2020

**BY ECF**
Honorable Stewart D. Aaron
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/15/2020

      Re:  Luis Herrera v. City of New York, et al.
            19 CV 3216 (AT) (SDA)

Your Honor:

      I am the attorney in the Office of James E. Johnson, Corporation Counsel of the City of New York, assigned to the defense of the above referenced matter. In that capacity, I write: (1) to provide an update regarding the Court's March 13, 2020 Order, which directed plaintiff to "serve upon Defendants his sworn responses to Defendants' First Set of Interrogatories and his responses to Defendants' Requests for the Production of Documents," by no later than April 2, 2020 (see Civil Docket Entry No. 61); and (2) to jointly request on behalf of the parties that the Court stay the present civil proceeding in its entirety for ninety (90) days, including all scheduled deadlines, the answer to the Amended complaint on behalf of defendants, a *sua sponte* stay of the answer to the Amended Complaint on behalf of defendant Hubbard,[1] and discovery, in light of the recent developments surrounding the COVID-19 pandemic.

      As an initial matter, by Order dated March 13, 2020, the Court ordered plaintiff to "serve upon defendants his sworn responses to Defendants' First Set of Interrogatories and his responses to Defendants' Requests for the Production of Documents," by no later than April 2, 2020. (See Civil Docket Entry No. 61). The Court further warned plaintiff, "that his failure to

---

[1] It appears from a review of the docket sheet that individually named "Jawuan Hubbard" was served on January 15, 2020 and that his deadline to answer or otherwise respond to the Amended Complaint is April 16, 2020 (See Civil Docket Entry dated March 13, 2020). While this Office has not made any decisions regarding representation of defendant Hubbard, to the extent that defendant Hubbard was properly served, this Office respectfully requests that the Court *sua sponte* stay his response to the Amended Complaint.

comply by the Court's deadlines set forth herein or in any other Court Order, or his failure to appear for conferences, will result in the Court's recommendation that the District Judge Dismiss this action with prejudice." Id. On April 11, 2020, nine days after they were due, plaintiff's brother, Victor Herrera produced plaintiff's sworn responses to Defendants' First Set of Interrogatories and his responses to Defendants' Requests for the Production of Documents to the undersigned via email and apologized that they "were not previously provided as required."

Additionally, as the Court is aware, the country is currently grappling with the COVID-19, or coronavirus, pandemic. On March 7, 2020, Governor Andrew Cuomo declared that New York is in a state of emergency because of the rapidly developing pandemic situation. On March 13, 2020, Mayor Bill de Blasio followed suit, and declared New York City to be in a state of emergency as well.

That same day, the United States District Court for the Southern District of New York ("Southern District") issued Standing Order 20 MISC 138, which encouraged individual judges to conduct court proceedings by phone and video conferencing where practicable. Also on March 13, 2020, the Southern District issued Standing Order 20 MISC 015, which suspended and tolled service of process requirements and deadlines. On March 16, 2020, the Southern District issued a Revised Standing Order that further limited access to courthouses.

On March 20, 2020, Governor Andrew Cuomo issued an executive order mandating that all non-essential businesses in New York State close, and that New York residents stay inside their homes unless participating in an essential activity. Also on March 20, 2020, the Southern District issued a memorandum to the Bar that set forth additional emergency protocols, including limitations on courtroom use and operations for both criminal and civil matters. To comply with Governor Cuomo's latest executive order, and in light of pronouncements from other governmental and judicial officials, expert recommendations, and the further spread of COVID-19, the New York City Law Department is requiring that the vast majority of its employees work from home.

Of course, working from home creates a number of challenges that directly impact litigation. For example, corresponding with *pro se* plaintiffs is particularly difficult in the context of a work from home situation, because the normal course of communication with these individuals is through regular mail. Defendants are not physically present to receive mail sent to the office, and therefore are unable to reliably receive correspondence from *pro se* plaintiffs. Moreover, working from home also complicates sending correspondence to *pro se* plaintiffs, and undermines efforts to keep individuals at home and away from situations that could result in contracting the virus. Furthermore, plaintiff's brother, Victor Herrera informed the undersigned that he lost his cellphone and was directed to self-quarantine, which further complicates the ability to communicate. Moreover, Victor Herrera informed the undersigned that the recent death of their father has provided an even greater need for a stay in this case.

Working from home also creates complications in regards to coordinating and taking depositions. First, the logistical challenges of arranging for remote depositions are always significant, and are further exacerbated by the added difficulty of having multiple parties join remotely from multiple locations, as well as the added difficulty of managing parties' different

technological capabilities. Second, preparing witnesses for depositions remotely is also logistically challenging, particularly when it comes to the review of documents, many of which may not be saved in formats that are easily shared via electronic means, and conferring on matters of privilege. Third, as all police officers have been mobilized to patrols and other essential matters during this state of emergency, their availability to appear at a deposition is significantly reduced. And, even if officers are available, they must be on duty to sit for a deposition, and may be restricted to appearing from police precincts. This raises additional concerns with respect to the use of a camera or video at that location, including concerns regarding the privacy of arrestees and victims who may be present; viewing privileged and confidential material in such a public location; and interference from telephones, radios, and other background noise inherent to that setting. Moreover, conducting a deposition remotely simply fails to be an adequate substitute for an in-person deposition; courts in this Circuit have repeatedly recognized that "an in-person deposition is also preferable in terms of ensuring the accuracy of the depositions and interpretations" of testimony, *Memory Film Prods. v. Makara*, 05 Civ. 3735, 2007 U.S. Dist. LEXIS 34110, at *10 (E.D.N.Y. May 9, 2007), and is not a solution when "testimony is being preserved for trial," as "it is important to have counsel present so that the examination most closely approximates that which would occur in the courtroom." *In re Fosamax Prods. Liab. Litig.*, 06 MD 1789 (JFK) (JCF), 2009 U.S. Dist. LEXIS 27209, at *30 (S.D.N.Y. Mar. 4, 2009) (collecting cases); *see also Gagasoules v. MBF Leasing LLC*, 08 Civ. 2409 (ADS) (ARL), 2009 U.S. Dist. LEXIS 119001 (E.D.N.Y. Dec. 22, 2009) (finding remote deposition unfeasible given "legitimate concern about viewing the plaintiffs' demeanor"); *see also Petaway v. Osden*, 17 Civ. 0004 (VAB), 2018 U.S. Dist. LEXIS 36484, at *9 (D. Conn. Mar. 5, 2018) (remote deposition insufficient where plaintiff's credibility played essential role in the case").

As another example, working from home creates accessibility problems in regards to documents and files. Although some documents can be easily accessed remotely by electronic means, many documents cannot be so accessed, because of variables such as format or size. This inaccessibility prevents defendants from having all the information necessary to, *inter alia*, fully assess cases, respond to plaintiff's demands, and otherwise conduct regular business.

Finally, the agencies defendants must regularly communicate and coordinate with, *e.g.*, the New York City Police Department ("NYPD"), the courts, district attorney's office, and/or health care providers, are facing these same communication and access challenges as they pursue compliance with Governor Cuomo's executive order and seek to protect the health and safety of the individuals in their organizations. These challenges have already made the fulfillment of document and information requests delayed or impracticable. Such delays and problems are expected to continue until individuals are allowed to return to their offices.

For the reasons set forth above, the parties respectfully request that the Court grant a stay of the instant litigation for ninety (90) days in light of the developing situation surrounding COVID-19. This will give the parties time and opportunity needed to adjust to these new circumstances.

- 4 -

Thank you for your consideration herein.

                        Respectfully submitted,

                        *Stephanie De Angelis* /s

                        Stephanie De Angelis
                        *Assistant Corporation Counsel*
                        Special Federal Litigation Division

cc: **By Email**
    Luis A. Herrera
    *Plaintiff Pro Se*
    794 Snediker Avenue
    Apt. 2F
    Brooklyn, NY 11207

Request DENIED. Although the Court declines to stay this case, the Court hereby extends the time for all Defendants (including Hubbard) to respond to the Amended Complaint for a period of 60 days, until June 15, 2020. In addition, fact discovery in this matter shall end on August 17, 2020. The telephone conference scheduled for April 28, 2020 is accordingly adjourned until Tuesday, August 25, 2020 at 10:00 a.m. At the scheduled time, the parties shall each separately call (888) 278-0296 (or (214) 765-0479) and enter access code 6489745. Defense counsel shall serve this Order upon *pro se* plaintiff and Victor Herrera by email. SO ORDERED.
Dated: April 15, 2020